**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MARYLAND**

| | |
|---|---|
| LARRY WORSLEY<br>601 E. Fayette Street<br>Baltimore, Maryland 21202<br>　　　　　　　Plaintiff,<br>　　vs.<br><br>Officer Louis Rinaldo<br>Baltimore Police Department, Western District<br>242 W. 29th Street<br>Baltimore, Maryland 21211<br><br>Officer Robert Cucchiaro<br>Baltimore Police Department, Western District<br>242 W. 29th Street<br>Baltimore, Maryland 21211<br><br>Officer Maggie Tran<br>Baltimore Police Department, Central District<br>500 E. Baltimore St.<br>Baltimore, Maryland 21202<br><br>Officer Noah Carter<br>Baltimore Police Department, Western District<br>242 W. 29th Street<br>Baltimore, Maryland 21211<br><br>Steven Trostle<br>**Serve**: Office of the State's Attorney for Baltimore City<br>120 E. Baltimore Street, 9th Floor<br>Baltimore, Maryland 21202 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case No.: 1:25-cv-3696<br>)<br>)<br>)<br>)<br>)<br>) |

1

Ivan Bates, *State's Attorney for Baltimore
City*,
**Serve**: Office of the State's Attorney for
Baltimore City
120 E. Baltimore Street, 9th Floor
Baltimore, Maryland 21202

Baltimore Police Department
601 E. Fayette Street
Baltimore, Maryland 21202

Mayor and City Council of Baltimore
Serve: City Hall
100 N. Holliday Street
Baltimore, Maryland 21202

Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Larry Worsley, Plaintiff, and bring this complaint and demand for jury trial against defendants Officer Louis Rinaldo, Officer Robert Cucchiaro, Officer Maggie Tran, Officer Noah Carter, Assistant State's Attorney Steven Trostle, Ivan Bates, *State's Attorney for Baltimore City*, Baltimore Police Department, and Mayor and City Council of Baltimore and states as follows:

## INTRODUCTION

Plaintiff Larry Worsley brings this civil action to redress egregious violations of his constitutional, statutory, and common law rights stemming from his wrongful arrest, fabricated criminal prosecution, prolonged incarceration, employment deprivation, public defamation, and retaliatory exclusion from police work. The defendants, acting under color of state law and pursuant to official policy or custom, engaged in a pattern of misconduct and deliberate indifference that resulted in profound personal, professional, and economic harm to Plaintiff.

## VENUE AND JURISDICTION

2

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367 (supplemental jurisdiction), as Plaintiff brings claims arising under 42 U.S.C. § 1983 and related laws.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events, omissions, and injuries giving rise to these claims occurred within Baltimore City, Maryland; all defendants were employed, resided, or headquartered in Baltimore City at times relevant to this action.

3. The Mayor and City Council of Baltimore is located in Baltimore City and all relevant municipal policies were formulated and enforced there. Accordingly, the United States District Court for the District of Maryland, Northern Division is the proper forum for this action.

4. Plaintiff has complied with all applicable pre-suit notice requirements under Maryland law, including Courts & Judicial Proceedings Article § 5-304, by timely serving written statutory notices of claim on all defendants via both certified mail and hand delivery.  Each defendant received actual notice of the events giving rise to this suit, as evidenced by their direct involvement, continued investigations, and multiple prior negotiations with Plaintiff regarding the denial of back pay and other damages.

**PARTIES**

5. Larrry Worsley is a natural person domiciled in Baltimore City, Maryland, who at all relevant times was a Sergeant with the Baltimore City Police Department. He brings this action as the person directly injured by the actions and omissions described herein.

6. Officer Louis Rinaldo is a police officer with the Baltimore Police Department, Western District, and was the lead arresting and charging officer in the incident at Tequila Sunset. He authored and submitted charging documents that contained statements and evidence later proved false and fabricated, failed to investigate or disclose exculpatory evidence, and directed the unlawful arrest and prosecution of Plaintiff.

7. Officer Robert Cucchiaro is a police officer with the Baltimore Police Department, Western District, and assisted in the arrest, custody, and submission of false or misleading reports regarding Plaintiff. He is named as a defendant by virtue of his direct, personal involvement in the alleged deprivation of Plaintiff's rights. The Baltimore Police Department is required under Maryland law to defend and indemnify Cucchiaro except as to punitive damages for malicious or wanton acts.

8. Officer Maggie Tran is a police officer with the Baltimore Police Department, Central District, who participated in the investigation and arrest of Plaintiff, suppressed exculpatory statements, and contributed to the submission of false public records. Tran is named for personal conduct directly injuring Plaintiff. Maryland law and the BPD's risk management policy require defense and indemnification for her except for punitive damages if found acting with malice.

9. Assistant State's Attorney Steven Trostle is a prosecutor with the Baltimore City State's Attorney's Office, who suppressed exculpatory evidence, advanced criminal proceedings knowing there was no probable cause, and engaged in investigative acts that are not immunized by absolute prosecutorial immunity under prevailing civil rights and constitutional law. Trostle's actions are pled as investigative and thus subject to suit; defense and indemnification is governed by the State Employee Indemnification Statute, but not for conduct proven to be malicious, grossly negligent, or beyond the scope of official duties.

10. Ivan Bates is the State's Attorney for Baltimore City who, after Plaintiff's acquittal, willfully published and maintained Plaintiff's name on the Office of the State's Attorney "Do Not Call List" in retaliation and without basis. Bates is sued in his individual and official capacity based on administrative acts, and the City or State's attorney office must defend and indemnify him for alleged acts within the scope of employment, except as to punitive damages and acts of malice.

11. Commissioner Richard Worley is the Commissioner of the Baltimore Police Department and was responsible for Plaintiff's wrongful suspension, continuing deprivation of pay, and adverse employment actions in violation of statutory and contractual rights. BPD and MCC are required to defend and indemnify Commissioner Worley for acts within the scope of employment under Md. Code Cts. & Jud. Proc. § 5-302.  Worley is not a named defendant at this time.

12. Baltimore Police Department is a municipal agency sued as the employer of the above-named police officer defendants, and for policies, practices, and customs causing or contributing to the deprivation of Plaintiff's rights and breach of contract. Under Maryland law, the BPD is responsible for defense and indemnification up to statutory municipal caps for compensatory damages for actions of its employees and officers.

13. Mayor Brandon Scott is the Mayor of Baltimore City, responsible for oversight of the Baltimore Police Department and for municipal policies that led to Plaintiff's deprivation of statutory and constitutional rights. The City, as the local government employer, is required to defend and indemnify him for actions within the scope of employment under civil liability statutes.  City of

Baltimore, Maryland is a municipal corporate body sued as Plaintiff's employer and the entity responsible for contractual and statutory obligations, including indemnification and damages for breach of wage and employment policies, and as a policymaker under 42 U.S.C. § 1983 and Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978). The City is liable for the acts and omissions of officials acting under color of law.

## FACTS

14. On March 5, 2023, Larry Worsley, a Sergeant of the Baltimore City Police Department, was present as a patron at Tequila Sunset located at 2705 Pennsylvania Avenue, Baltimore City, Maryland.

15. At approximately 10:45 PM, a 911 call reported a person allegedly armed at Tequila Sunset, claiming a black male in a grayish-blue jean outfit, later identified as Sgt. Worsley, had drawn a gun on bartender Ms. Shanika Lee and was outside the establishment.

16. Officers from BPD Western District responded: Officer Louis Rinaldo (arresting/complainant officer, BPD-Western), Officer Robert Cucchiaro (BPD-Western), Officer Maggie Tran (BPD-Central, later referenced as BPD-Northeast), Officer Noah Carter (BPD, responding and transporting witness).

17. Upon arrival, Officer Rinaldo did not conduct a full interview of the bartender or other witnesses on scene before issuing probable cause for arrest.

18. On March 5, 2023, Officer Rinaldo, with the assistance of Cucchiaro, Tran, Millan, Solano, and John, arrested Sgt. Worsley outside Tequila Sunset, and seized his departmental identification, firearm, and personal property.

19. Fabricated allegations in the probable cause statement included: (a) Worsley assaulted an unnamed female, (b) forcibly grabbed Ms. Karen Thornton by the arm, (c) threatened Ms. Lee with a firearm while refusing to pay his tab, saying, "I'm not paying for shit," and (d) dragged a female by the hair, placing her in a vehicle—each of which was never corroborated by Ms. Lee or any trial witness and were contradicted by later testimony and investigation.

20. Detective Tran and other officers failed to preserve or disclose repeated exculpatory statements from Ms. Lee, who told investigators prior to trial that Worsley did not threaten her, did not

refuse payment, and that she kept possession of Worsley's credit card until just before her trial testimony.

21. The prosecution, led by ASA Steven Trostle (Baltimore City State's Attorney's Office), ignored and suppressed exculpatory evidence and persisted in prosecution despite the bartender's direct statement prior to trial that the event was not as described by police, and that no crime was committed by Worsley.

22. ASA Trostle, aware of these exculpatory facts, verbally declared to witnesses that "he was going to get a conviction no matter what, with or without the witness help," and instructed them not to volunteer exculpatory details, further breaching his obligation under Brady v. Maryland and Maryland Declaration of Rights Article 24 (due process).

23. On March 6, 2023, Baltimore Police Department issued an administrative notice of suspension, stripping Worsley of police powers and immediately placing him in an unpaid status, violating General Orders and the Memorandum of Understanding ("MOU") between BPD and the FOP that mandates back pay and restoration of powers for acquitted officers (MOU, Senate Bill 607, 2024 session; see also Maryland Code, Public Safety Art. § 3-108.2).

24. Worsley was held at Baltimore City Central Booking without bail for over six months, under charges including: first-degree assault (CR.3.202), firearm use in a felony (CR.4.204.b), second-degree assault (CR.3.203), and theft under $100 (CR.7-104), with the case docketed in District Court for Baltimore City (Wabash Ave, Case No. 5B02471859, filing 03/06/2023), and Circuit Court for Baltimore City (Case No. 123074001, initial appearance 04/14/2023, Judge Jennifer Bridget Schiffer presiding at 111 N. Calvert St., Baltimore, MD).

25. Throughout Worsley's detention, the Baltimore Police Department, under Commissioner Michael Harrison, declined to pay back wages during suspension, citing inability to report for duty while incarcerated—contravening governing MOU, Maryland wage statutes (Md. Code, Lab. & Empl. § 3-501 et seq.), and Senate Bill 607 (2024), which entitles an acquitted officer to receive all withheld pay.

26. On multiple occasions prior to trial, Ms. Lee (bartender) stated to officers and ultimately testified on September 28, 2023, in Baltimore City Circuit Court, that Worsley did not threaten or assault anybody, did not refuse payment, and that she "had custody of his credit card for months, and at

no time did he attempt to leave without paying the bill," refuting every material element of the officers' report.

27. No witness corroborated any assault, firearm threat, or theft charge against Worsley at any stage of proceedings; every witness with direct knowledge affirmatively stated, or refused to allege, that Worsley committed such acts.

28. During the jury trial, presided over by Judge Schiffer, no state witness appeared willing to testify to the narrative described in Officer Rinaldo's report. The bartender, Ms. Lee, was compelled to testify only after being compelled by the judge, and her statements directly contradicted the probable cause report written by Officer Rinaldo and reflected in charging documents.

29. The trial, held September 27–28, 2023 at Baltimore City Circuit Court, resulted in jury acquittal of all charges after a relatively short deliberation.

30. This acquittal mandated, under both General Order, MOU, Senate Bill 607 (2024), and Maryland wage law, the immediate restoration and payment of all lost wages and benefits, which defendants failed to perform.

31. Immediately following acquittal, States Attorney Ivan Bates made public statements that Worsley would remain on the "Do Not Call List," published by the Office of the State's Attorney for Baltimore City, with the purpose and effect of besmirching his credibility and character and rendering him unemployable as a police officer or law enforcement witness.

32. The "Do Not Call List" inclusion was not based on judicial determination or factual inquiry, but was a public act of retaliation, and violated Worsley's constitutional and statutory rights under the Fourteenth Amendment (equal protection, due process), Fourth Amendment (freedom from unlawful seizure, liberty interest), Article 24 and 26 of the Maryland Declaration of Rights, and 42 U.S.C. § 1983.

33. On October 14, 2021, the Maryland Court of Special Appeals ruled that the Baltimore City State's Attorney's Office ("SAO") could not claim the "Do Not Call List" was exempt from public disclosure, holding that the list was not a protected personnel record nor attorney work product, and expressly admonished the SAO for its arbitrary and capricious resistance to transparency and its lack of clear process for adding officers to the list. Following this court order, the SAO was on explicit legal notice that the list and the standards for inclusion were matters of public concern, subject to public and judicial scrutiny. Notwithstanding this notice

and admonishment, and despite the eventual acquittal of Plaintiff Worsley, the SAO added and maintained his name on the public "Do Not Call List" without factual or procedural justification. This action, undertaken when the evidentiary record showed Plaintiff's innocence and after clear court warnings about misuse of the list, demonstrates contempt for the court's admonition and reckless disregard for Plaintiff's professional reputation and constitutional rights.

34. During all material times, Worsley never struck, injured, or threatened any person at Tequila Sunset, never refused to pay his bill, and never expressed any intent or action supporting the charges. The only identified witnesses with knowledge (Ms. Lee, Ms. Karen Thornton) each stated, at some stage of the investigation, that they did not see Worsley strike anyone or threaten the bartender, and did not allege theft.

35. Fabricated evidence included detailed, written statements by Officer Rinaldo and supporting officers that: (a) the alleged victim identified Worsley as an armed assailant (never corroborated), (b) patrons or victims were assaulted (no witness confirmed), (c) a theft occurred by removing his card (testimony refuted this; Ms. Lee had the card), and (d) Ms. Lee was menaced (she testified otherwise).

36. The prosecutorial suppression of exculpatory evidence and insistence on advancing the charges despite direct witness contradiction constituted violations of Brady v. Maryland, Md. Rule 4-263, General Order 3204 (BPD: Handling of Exculpatory Evidence), Articles 24 & 26 of Maryland Declaration of Rights, and the Due Process Clause of the Fourteenth Amendment.

37. As of this filing, despite repeated requests, the Baltimore Police Department and the Mayor and City Council of Baltimore, acting under color of law and in breach of Internal Affairs policy, MOU, and Maryland wage statutes, has failed and refused to provide any back pay, restoration of police powers, or benefits owed to Sgt. Worsley, in violation of applicable laws and rules.

38. The City of Baltimore and Baltimore Police Department (BPD) have an established pattern and municipal custom of restoring full back pay, seniority, and benefits to police officers who are acquitted of criminal charges or cleared after suspension. In high-profile examples, such as the acquittals of Lt. Brian Rice and Officer Caesar Goodson, the Board of Estimates approved back pay awards of $127,000 and $88,000, respectively, after they were found not guilty of all charges related to the Freddie Gray matter. In other cases, officers Leon Riley, Thomas Kirby, and Juan Diaz were awarded all back pay and lost leave—amounts ranging from $9,000 to $168,000—

8

following acquittal or dismissal of criminal cases, and thereafter reinstated to full status and duty without further adverse action by the City.

39. The City and BPD processed these payments without delay, confirming both the internal awareness and established practice that acquitted officers are entitled to be made financially whole. Each of the cited officers is reported to have received such restoration of pay and benefits in accordance with longstanding policy and explicit MOU provisions.

40. At all times relevant, under the administration of the current Police Commissioner, the Baltimore Police Department has never failed to restore back pay and benefits to any non-Black police officer who was acquitted of criminal charges or cleared after suspension.

41. No non-Black officer, to Plaintiff's knowledge and belief, has been denied such compensation following acquittal; rather, the Department's established policy and pattern have ensured reinstatement and full reimbursement in every such instance, without exception.

42. In sharp contrast, Plaintiff Larry Worsley—an African American male—was denied the same benefit, despite being acquitted of all charges by a jury after extensive criminal proceedings. Plaintiff made repeated written and oral demands for his wages; BPD's and the City's refusal to restore back pay to Plaintiff, contrary to policy and past practice, constitutes disparate and discriminatory treatment of Plaintiff. The refusal is made all the more egregious by the City and BPD's knowledge of, and adherence to, the established MOU back pay procedures for similarly situated officers.

43. Worsley has suffered, and continues to suffer, severe depression diagnosed by treating therapists, persistent nightmares, anxiety, loss of sleep and appetite, isolation from family and friends, ongoing humiliation (media reports, public statements), irreparable injury to his reputation, and emotional and economic devastation, including substantial attorneys fees, resulting directly from the above-pleaded violations and acts.

44. At all times, Worsley's conduct was lawful and consistent with department policies; every injury, deprivation, and damage suffered resulted directly and exclusively from the fabrications, deliberate misconduct, and retaliatory animus of named officers, the Baltimore Police Department, and the Baltimore City State's Attorney's Office.

45. All events occurred within the jurisdictional boundaries of Baltimore City, Maryland, in venues including Tequila Sunset (2705 Pennsylvania Ave.), BPD Western District precinct, Baltimore

City Central Booking, Wabash Ave District Court, and Baltimore City Circuit Court at 111 N. Calvert Street.

46. All actions taken against Worsley breached explicit statutes, including: Fourth Amendment, Fourteenth Amendment, Article 24 & 26 of the Maryland Declaration of Rights, Md. Code, Public Safety Art. § 3-108.2, Md. Rule 4-263, MOU (FOP/BPD), Senate Bill 607 (2024), and General Orders governing evidence, pay, and due process rights for acquitted officers.

## CLAIMS

### COUNT I – FOURTH AMENDMENT – UNLAWFUL SEIZURE

47. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

48. This Count is brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's right under the Fourth Amendment to be secure in his person against unreasonable seizures, including arrest and detention without probable cause.

49. Defendants to this Count are Officer Louis Rinaldo (BPD–Western District; arresting and complainant officer), Officer Robert Cucchiaro (BPD–Western/Central), Officer Maggie Tran (BPD–Central/Northeast), and Officer Noah Carter, each acting under color of state law and personally participating in Plaintiff's seizure, arrest, and detention on and after March 5, 2023 in Baltimore City, Maryland.

50. On March 5, 2023, at approximately 10:45 PM, these Defendants responded to Tequila Sunset, 2705 Pennsylvania Avenue, Baltimore City, for a report that a male had brandished a firearm at the bartender. Officer Rinaldo and the other named officers identified and apprehended Plaintiff Larry Worsley without conducting a full or independent investigation into the circumstances, and before any reliable corroborated witness statements were obtained.

51. The arrest and handcuffing of Plaintiff occurred on or about 11:00 PM that evening as Plaintiff was walking on Reisterstown Road, in Baltimore City. Defendants seized Plaintiff's person without probable cause and prior to substantiating the allegations that would support arrest for any offense.

52. Officer Rinaldo's probable cause statement relied upon and asserted, among other things, that the bartender, Ms. Shanika Lee, accused Plaintiff of threatening her with a firearm and refusing to pay his bill, as well as assaulting or dragging an unidentified woman. In reality, Ms. Lee had

possession of Plaintiff's credit card until the date of her testimony, and both her pretrial statements and trial testimony contradicted the false allegations in the police report.

53. Plaintiff was transported to Central Booking and detained on a "no bail" status beginning on March 6–7, 2023, based exclusively on unsubstantiated, fabricated allegations that were not supported by admissible or truthful evidence.

54. Plaintiff was wrongfully held for over six months, from his arrest on March 5, 2023 until his acquittal and release on September 28, 2023 in the Circuit Court for Baltimore City. The criminal case records reflect continued deprivation of his liberty during this time, all under the authority and action of the named officer defendants.

55. At all relevant times, these Defendants failed and refused to disclose or credit exculpatory statements made by the bartender and others, willfully omitted and/or fabricated facts to justify Plaintiff's arrest and continued detention, and misrepresented to courts and prosecutors that probable cause for seizure existed.

56. As a result, Plaintiff suffered violation of his Fourth Amendment right to be free from unreasonable seizure by:

a. Being arrested and detained without probable cause.

b. Being held without bond, under continuous restraints on liberty, for over six months.

c. Suffering loss of freedom, humiliation, reputational injury, severe emotional distress, disruption of his career, and ongoing economic damages including lost pay and benefits.

57. The above acts of Defendants Rinaldo, Cucchiaro, Tran, and Carter, acting in concert and under color of law, directly and proximately caused Plaintiff's arrest, continued detention, and deprivation of liberty in violation of the Fourth Amendment.

**WHEREFORE**, Plaintiff, Larry Wornsley, demands compensatory damages in an amount exceeding $75,000.00, special damages including lost pay and benefits, punitive damages against the individual officer defendants in an amount exceeding $75,000.00, reasonable attorneys' fees and costs under 42 U.S.C. § 1988, and all other relief that the Court deems just and proper.

### COUNT II – FOURTH AMENDMENT – MALICIOUS PROSECUTION AND WRONGFUL DETENTION

51.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

52.    This Count is brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's right under the Fourth Amendment to be free from unreasonable seizures, including the specific harms of malicious prosecution and prolonged detention based on fabricated allegations and lack of probable cause.

53.    Defendants to this Count are Officer Louis Rinaldo (BPD–Western District; arresting and complainant officer), Officer Robert Cucchiaro (BPD–Western/Central), Officer Maggie Tran (BPD–Central/Northeast), and Officer Noah Carter, each acting under color of state law and substantially participating in the charging, investigation, supporting affidavits, and ongoing prosecution of Plaintiff after March 5, 2023 in Baltimore City, Maryland.

54.    On and after March 6, 2023, Defendants caused or participated in the initiation of criminal charges against Plaintiff which they knew, or recklessly disregarded, were not supported by probable cause—namely, charges of first degree assault, firearm use, second degree assault, and theft, based on the false narrative that Plaintiff had brandished a weapon, threatened violence, and attempted to evade payment at Tequila Sunset.

55.    The probable cause statement and supporting materials prepared by these Defendants contained significant fabrications, including the assertion that Plaintiff refused to pay for services when in fact Ms. Shanika Lee, the bartender, retained and controlled his credit card for months leading up to her compelled trial appearance, and consistently denied that Plaintiff threatened her or refused payment.

56.    Defendants failed to incorporate or disclose exculpatory witness statements, and, instead, doubled down on advancing criminal charges through the District and Circuit Courts, up to and including the grand jury indictment, knowing full well or consciously avoiding the reality that the available evidence—both testimonial and documentary—contradicted the account they promoted.

57.    Defendants also forwarded the false allegations and probable cause statement to Assistant State's Attorney Steven Trostle and assisted in maintaining Plaintiff's pretrial no-bail detention throughout the pendency of the prosecution, securing adverse bail determinations under knowingly false pretenses and directly causing Plaintiff's loss of liberty month after month.

58.    At all times during the prosecution, Defendants maintained their fabricated account, withheld or omitted material witness evidence, and thereby caused the legal process to proceed under false terms, culminating in Plaintiff's multi-day jury trial commencing September 27, 2023 in the Circuit Court for Baltimore City.

59.    On September 28, 2023, after hearing the testimony of Ms. Lee and the absence of any support for the fabricated allegations, a jury acquitted Plaintiff of all charges after less than ten minutes of deliberation, reaffirming Plaintiff's innocence and confirming the absence of probable cause at any stage of the proceedings.

60.    As a direct and proximate result of this malicious prosecution and wrongful detention motivated by fabrication and suppression of evidence, Plaintiff suffered:

a. Extended seizure and detention from March 5, 2023 to September 28, 2023.
b. Reputational injury and public humiliation from the pendency of baseless felony criminal proceedings.
c. Emotional distress, depression, and psychological trauma from enduring prosecution absent cause.
d. Financial damages, including loss of wages, benefits, employment opportunities and attorney fees and expenses.

61.    The actions of Defendants Rinaldo, Cucchiaro, Tran, and Carter, acting jointly under color of law, directly and proximately caused Plaintiff's malicious prosecution, wrongful detention, and losses in violation of the Fourth Amendment.

**WHEREFORE**, Plaintiff, Larry Worsley, demands compensatory damages in an amount exceeding $75,000.00, special damages including lost pay and benefits, punitive damages against the individual officer defendants in an amount exceeding $75,000.00, reasonable attorneys' fees and costs under 42 U.S.C. § 1988, and all other relief that the Court deems just and proper.

## COUNT III – FOURTEENTH AMENDMENT – DUE PROCESS: SUPPRESSION AND FABRICATION OF EVIDENCE

62. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

63. This Count is brought under 42 U.S.C. § 1983 for violation of Plaintiff's procedural and substantive due process rights under the Fourteenth Amendment, specifically by the fabrication and suppression of exculpatory evidence throughout the investigation and prosecution.

64. Defendants to this Count are Officer Louis Rinaldo, Officer Robert Cucchiaro, Officer Maggie Tran, and Officer Noah Carter, each acting jointly under color of law, as well as Assistant State's Attorney Steven Trostle, who, after consultation and with knowledge of the evidence possessed by the BPD, continued and advanced the prosecution without basis.

65. After March 5, 2023, Defendants intentionally and willfully failed to provide or disclose to Plaintiff, his counsel, or the courts, exculpatory witness statements made by bartender Ms. Shanika Lee and others, all of which demonstrated Plaintiff's innocence, including but not limited to testimony that Ms. Lee retained Plaintiff's credit card and that no threats or refusals to pay ever occurred.

66. Defendants knowingly suppressed this material evidence prior to and during the charging process, failed to conduct basic and unbiased follow-up investigation, and fabricated allegations against Plaintiff that formed the entire basis for pretrial restraint and continued prosecution.

67. ASA Trostle, with full awareness of these exculpatory statements and deficiencies, deliberately advanced charges, ignored witness recantations, and stated his intention to pursue conviction regardless of the witness evidence, thereby tainting the process from inception through trial.

68. These actions caused Plaintiff to remain incarcerated, burdened by wholly unsupported criminal charges, and required to mount a legal defense over the course of six months, suffering loss of freedom, emotional distress, anxiety, public humiliation and substantial financial harm.

69. As a direct result of the deliberate suppression and fabrication of material evidence, Plaintiff endured needless prosecution and deprivation of liberty, lost wages, benefits, employment rights, and was subjected to lasting reputational and emotional harm.

70. The conduct of Defendants Rinaldo, Cucchiaro, Tran, Carter, and ASA Trostle constituted willful indifference and conscious disregard for Plaintiff's constitutional rights, directly and proximately causing his injuries as set forth herein.

**WHEREFORE**, Plaintiff Larry Worsley demands from Defendants Rinaldo, Cucchiaro, Tran, Carter, and ASA Trostle, jointly and severally, compensatory damages in an amount exceeding $75,000.00, punitive damages exceeding $75,000.00, and special damages recoverable by law,

reasonable attorneys' fees and costs under 42 U.S.C. § 1988, pre-judgment interest and such additional relief as this Court deems just and proper and allowable under law.

## COUNT IV – MUNICIPAL LIABILITY (MONELL) – CUSTOM, POLICY, FAILURE TO TRAIN/SUPERVISE

71. Plaintiff realleges and incorporates by reference all preceding paragraphs.

72. This Count is brought under 42 U.S.C. § 1983 for municipal liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), addressing the policies and customs of the Baltimore Police Department (BPD), the City of Baltimore, and Mayor Brandon Scott.

73. From March 2023 through September 2023 and at all relevant times, BPD and the City, acting through supervisors and policymakers, maintained or allowed de facto policies, customs, and usages, including a "code of silence," failure to train officers in proper evidence handling, and a pattern of tolerating fabrication of evidence, suppression of exculpatory material, and wrongful arrest procedures.

74. These failures permitted and encouraged the initiation, continuation, and support of false charges against Plaintiff, wrongful detention, malicious prosecution, and maintenance of employment consequences post-acquittal despite established innocence.

75. BPD and the City's leadership, including Commissioner Richard Worley and Mayor Brandon Scott, failed to intervene, correct, discipline, or remedy such actions on their part or that of their subordinates, even after receiving notice or actual knowledge of ongoing violations.

76. On October 14, 2021, the Maryland Court of Special Appeals (now Appellate Court of Maryland) ruled that the Baltimore City State's Attorney's Office ("SAO"), See *Baltimore Action Legal Team v. Office of State's Attorney for Baltimore City,* No. 24-C-20-001515, slip op. at 18–21 (Md. Ct. Spec. App. Oct. 14, 2021) could not claim the "Do Not Call List" was exempt from public disclosure, holding that the list was not a protected personnel record nor attorney work product, and expressly admonished the SAO for its arbitrary and capricious resistance to transparency and its lack of clear process for adding officers to the list. Following this court order, the SAO was on explicit legal notice that the list and the standards for inclusion were matters of public concern, subject to public and judicial scrutiny.

77. Notwithstanding this notice and admonishment, and despite the eventual acquittal of Plaintiff Worsley, the SAO added and maintained his name on the public "Do Not Call List" without factual or procedural justification. This action, undertaken when the evidentiary record showed Plaintiff's innocence and after clear court warnings about misuse of the list, demonstrates contempt for the court's admonition and reckless disregard for Plaintiff's professional reputation and constitutional rights.

78. The "Do Not Call List" policy, published by the State's Attorney's Office and relied on by BPD, further harmed Plaintiff by disseminating a presumption of guilt after acquittal, constituting an officially sanctioned custom causing lasting reputational and career injury.

79. As a result, Plaintiff continues to suffer lost income, loss of career, ongoing emotional distress, and substantial harm to his reputation.

80. The customs, policies, and deliberate indifference of the municipal defendants were the moving force and direct cause of Plaintiff's constitutional violations and damages.

**WHEREFORE**, Plaintiff Larry Worsley demands against Baltimore Police Department (BPD), Ivan Bates and the City of Baltimore, jointly and severally appropriate compensatory damages in an amount exceeding $75,000.00, punitive damages against Ivan Bates in an amount exceeding $75,000.00, reasonable attorneys' fees and costs under 42 U.S.C. § 1988, and all other relief the Court deems proper.

## COUNT V – DEFAMATION, LIBEL, AND SLANDER

81. Plaintiff realleges and incorporates by reference all preceding paragraphs.

82. This Count is brought under Maryland law and 28 U.S.C. § 1367 for defamation, including both libel (written defamatory statements) and slander (oral defamatory statements), whether published directly or by implication.

83. Defendants to this Count are States Attorney Ivan Bates, the Mayor and City Council of Baltimore and the Baltimore Police Department. Each is responsible for making, publishing, or maintaining knowingly false, derogatory, or misleading statements about Plaintiff. These include the issuance and maintenance of the "Do Not Call List," all public announcements, statements to the press, internal police and court communications, and ongoing references to Plaintiff's alleged untrustworthiness and fabricated factual findings following his acquittal.

16

84. These Defendants, beginning on or after September 28, 2023, and continuing to the present, published and repeated statements—both publicly and in official correspondence—that Plaintiff was unfit for police testimony, engaged in criminal or unethical conduct, and posed a continuing risk to the public and to criminal prosecutions, despite his acquittal of all charges, the absence of any sustained misconduct finding, and a record that affirmatively establishes his innocence.

85. The defamatory acts perpetrated by Defendants include, but are not limited to:

a. Inclusion and retention of Plaintiff's name on the public "Do Not Call List," with knowledge that all criminal allegations against him had been adjudicated not guilty.

b. Public statements to the media, by the State's Attorney's Office and City officials, that suggested or implied Plaintiff's lack of veracity, trustworthiness, or professional competence, or accused him of dishonest or criminal conduct.

c. Statements made in the course of criminal investigations and prosecutions that accused Plaintiff of acts Defendants knew to be fabricated or false, including assertions in charging documents, warrants, and statements to judicial officers.

d. Continued official and public communications, after Plaintiff's exoneration and in the absence of any factual basis, imputing to him dishonesty, criminality, or incapacity to perform his profession.

e. Actions calculated to isolate Plaintiff within the law enforcement community, discourage other agencies and employers from associating with, hiring, or relying on Plaintiff, and subject him to public scorn, ridicule, and contempt.

f. Repetition and ratification of these falsehoods internally (e.g., in police personnel records, disciplinary files, and internal emails) and to external third parties, including potential employers, the press, the courts, and the public at large.

86. These false and defamatory statements and communications were made intentionally, with actual malice, or in reckless disregard for the truth, and with the specific intent to damage Plaintiff's reputation, livelihood, and professional standing. Such defamation is actionable per se in that it accuses a public official or police officer of criminal and moral turpitude, dishonesty, and incapacity to serve in his professional role.

87. As a direct and proximate result, Plaintiff has suffered loss of reputation, public scorn, professional ostracism, substantial impairment of employment and career opportunities, emotional distress, humiliation, and ongoing damage to his good name and character.

**WHEREFORE**, Plaintiff demands judgment jointly and severally against States Attorney Ivan Bates, the Mayor and City Council of Baltimore, and the Baltimore Police Department, for compensatory damages exceeding $75,000.00, punitive damages against Ivan Bates exceeding $75,000.00, reasonable attorneys' fees and costs under 42 U.S.C. § 1988, and any further relief the Court deems just and proper.

## COUNT VI – MALICIOUS PROSECUTION (MARYLAND COMMON LAW)

88. Plaintiff realleges and incorporates all preceding paragraphs by reference.

89. Defendants to this Count are Officer Louis Rinaldo, Officer Robert Cucchiaro, Officer Maggie Tran, Assistant State's Attorney Steven Trostle, the Baltimore Police Department, and the City of Baltimore.

90. On and after March 5, 2023, these Defendants, individually and in concert, initiated, advanced, continued, or ratified criminal proceedings against Plaintiff knowingly and intentionally, or with reckless disregard for the truth, despite having no probable cause and in the absence of any credible evidence to support the serious felony charges for assault, weapons offenses, and theft.

91. Defendants' conduct included fabricating and submitting knowingly false police statements and reports, omitting and suppressing directly exculpatory witness statements—including those of bartender Ms. Shanika Lee—ignoring testimonial evidence affirming Plaintiff's innocence, and actively concealing the deficiencies in their case as the prosecution progressed.

92. At every critical stage of the investigative and prosecutorial process—from arrest, through charging, and in all pretrial proceedings—Defendants conducted themselves with malice, intending not to bring an offender to justice, but to harm Plaintiff, protect themselves, and ratify a narrative they knew to be false, including repeated representations to judicial officers and the public contrary to the actual facts.

93. Commissioner Worley and other supervisory Defendants ratified and authorized the continuation of the case by upholding Plaintiff's unpaid suspension, maintaining internal discipline and restrictions, and failing to act in light of mounting evidence of Plaintiff's innocence, thus reinforcing the malicious prosecution.

94. Assistant State's Attorney Trostle knowingly pursued the case through trial and took affirmative steps to secure conviction by concealing exculpatory information and improperly pressuring witnesses, all while Plaintiff languished in jail without bond.

95. These proceedings culminated in Plaintiff's complete acquittal on every charge on September 28, 2023, following a jury trial where the State's witnesses could not substantiate, and at times contradicted, the fabricated allegations on which the entire criminal matter was founded.

96. As a direct and proximate result, Plaintiff suffered the full spectrum of injuries detailed above, including pretrial incarceration, public humiliation, lasting reputational impairment, severe emotional distress, loss of earning capacity, deprivation of constitutional rights and employment opportunities, and special damages as set forth more fully herein.

**WHEREFORE**, Plaintiff Larry Worsley demands joint and several liability and damages against Officer Louis Rinaldo, Officer Robert Cucchiaro, Officer Maggie Tran, Assistant State's Attorney Steven Trostle, the Baltimore Police Department, and the City of Baltimore for compensatory damages in an amount exceeding $75,000.00 and punitive damages where allowable in an amount exceeding $75,000.00, reasonable attorneys' fees, and all other relief allowed by law.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

97. Plaintiff realleges and incorporates by reference all preceding paragraphs.

98. Defendants to this Count are all individual officer defendants Rinaldo, Cucchiaro, Tran, Carter, Assistant State's Attorney Trostle, States Attorney Ivan Bates, the Baltimore Police Department, and the City of Baltimore.

99. Defendants engaged in a sustained and knowing campaign of extreme and outrageous conduct toward Plaintiff, acting intentionally and/or with reckless disregard for the certainty of severe emotional harm. The conduct at issue includes:

a. Knowingly fabricating evidence and submitting false police reports implicating Plaintiff in felonies with no credible factual basis.

b. Suppressing exculpatory witness statements from Ms. Lee and others, and refusing to correct the record even when presented with clear proof of Plaintiff's innocence.

c. Initiating and aggressively pursuing an unfounded, high-profile criminal prosecution, prolonging Plaintiff's incarceration for over six months despite lacking probable cause and after learning that key witnesses would refute the charges.

d. Repeatedly reinforcing and relying on these fabrications in internal BPD matters and continuing Plaintiff's unpaid suspension even after acquittal by jury.

e. Publicly disseminating false innuendo and accusations by maintaining Plaintiff's name on the "Do Not Call List," issuing official statements, and permitting media coverage that painted Plaintiff as corrupt, dishonest, and unfit for law enforcement, despite a record of complete acquittal and exoneration.

f. Refusing, after acquittal, to reinstate Plaintiff's police powers or to pay his earned back wages, further compounding his professional, social, and personal humiliation.

100. The cumulative effect of the above actions was to isolate, humiliate, and destroy Plaintiff's reputation and personal sense of dignity, inflicting emotional suffering so severe that no reasonable person could be expected to endure it.

101. As a direct result of this extreme and outrageous conduct, Plaintiff suffered profound psychological injury, manifested by clinical depression requiring ongoing therapy, severe panic attacks, persistent insomnia, nightmares, appetite loss, and an overwhelming sense of despair. Plaintiff's emotional distress has been so acute as to render ordinary life activities difficult or impossible, causing major disruptions in his ability to work, sustain relationships—including estrangement from family and children—and function in society. The intensity and duration of these symptoms are so severe that Plaintiff has required continuous mental health treatment.

**WHEREFORE**, Plaintiff Larry Worsley respectfully requests that judgment be entered against Defendants Officer Louis Rinaldo, Officer Robert Cucchiaro, Officer Maggie Tran, and Officer Noah Carter, Assistant State's Attorney Steven Trostle, States Attorney Ivan Bates, the Baltimore Police Department, and the Mayor and City Council of Baltimore, jointly and severally, for Compensatory damages in an amount exceeding $75,000.00, Punitive damages against each individual Defendant whom punitive damages may be assessed against in an amount exceeding $75,000.00, Attorneys' fees, interest, and costs as allowed by law; and such other and further relief as this Court deems just, proper, and equitable.

**COUNT VIII – BREACH OF CONTRACT / EMPLOYMENT AGREEMENT (WAGES AND REINSTATEMENT)**

102.    Plaintiff realleges and incorporates by reference all preceding paragraphs.

103.    Defendants to this Count are the Baltimore Police Department, and the Mayor and City Council of Baltimore.

104.    At all relevant times, Plaintiff was employed as a Sergeant with the Baltimore Police Department and was covered by binding written employment agreements, including: the Baltimore Police Department Memorandum of Understanding (MOU) with the police union, Plaintiff's individual employment contract, and applicable state statutes governing police discipline, pay, and reinstatement following acquittal or exoneration.

105.    On or about March 6, 2023, Defendants, with knowledge of Plaintiff's pending criminal charges, suspended Plaintiff without pay and stripped him of police powers, pending the outcome of his criminal case. This was imposed as a matter of departmental policy and with explicit reference to BPD's employment agreements and disciplinary policies.

106.    On September 28, 2023, Plaintiff was fully acquitted of every criminal charge following a jury trial, achieving "not guilty" verdicts on all counts. Under the governing MOU, controlling employment contracts, and Maryland legislation (including forthcoming statutory amendments), Defendants were obligated to reinstate Plaintiff to his former status and to pay all wages and benefits wrongfully withheld during the period of pretrial incarceration and suspension.

107.    Despite repeated oral and written demands and the direct involvement of union representatives and legal counsel, Defendants flatly refused and continue to refuse to restore Plaintiff's employment benefits, back pay, accrued seniority rights, and other monetary and non-monetary entitlements.

108.    Defendants' continued refusal has persisted through the present date and is contrary to governing law, the MOU, and all principles of contract fairness and good faith.

109.    Plaintiff has suffered substantial, foreseeable, and ongoing financial loss as a direct and proximate result. This includes lost wages and overtime, lost retirement account contributions, lost health and other insurance benefits, diminished professional standing and seniority, and loss of future career advancement opportunities due to Defendants' continued refusal to honor their obligations after Plaintiff's acquittal and exoneration.

110.    Defendants' ongoing breach of contract, standing alone and in conjunction with other wrongful acts detailed herein, has deprived Plaintiff of his contractual, statutory, and property rights—further compounding the physical, emotional, and reputational injuries suffered as a result of the criminal case.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendants Baltimore Police Department, Mayor and City Council of Baltimore, jointly and severally, for all back pay and withheld compensation; contractual consequential and expectation damages; restoration of benefits, seniority, and employment rights; pre- and post-judgment interest in an amount exceeding $75,000.00 with the exact amount to be calculated at the close of this litigation; attorneys' fees and costs; and all other relief as justice and equity require.

## COUNT IX – VIOLATION OF MARYLAND DECLARATION OF RIGHTS (ARTICLES 24 & 26)

111.    Plaintiff realleges and incorporates all prior paragraphs.

112.    Defendants to this Count are all previously-named individual and municipal defendants, including but not limited to Officer Louis Rinaldo, Officer Robert Cucchiaro, Officer Maggie Tran, Assistant State's Attorney Steven Trostle, States Attorney Ivan Bates, the Baltimore Police Department, the Mayor and City Council of Baltimore.

113.    Article 24 of the Maryland Declaration of Rights guarantees that no person will be deprived of life, liberty, or property without due process of law, and embraces Maryland's longstanding commitment to individual liberty, procedural fairness, and substantive rights. Article 26 safeguards Maryland residents from unlawful searches, seizures, arrests, and warrants unsupported by oath, probable cause, or lawful process.

114.    Defendants, as alleged in detail above, engaged in a continuing and systemic course of conduct that included unlawful arrest, unreasonable seizure, indefinite detention, fabrication and suppression of evidence, malicious prosecution, suspension without pay, denial of post-acquittal reinstatement, and public defamation and retaliation, all without fair procedure, probable cause, or legal justification.

115.    The conduct of Defendants at every stage of investigation, prosecution, employment decision-making, and public communication deprived Plaintiff of liberty and property interests protected by Maryland law, subjected him to deprivation of reputation by official

action, and denied him due process, equal protection, and the security of his person and property as guaranteed by Articles 24 and 26.

116. These violations of the Maryland Declaration of Rights occurred independently of, and in addition to, any violation of corresponding provisions of the United States Constitution, and entitle Plaintiff to all available relief and remedies under state law including actual, compensatory, and punitive damages, injunctive relief, and attorney's fees.

**WHEREFORE**, Plaintiff Larry Worsley respectfully demands judgment against all individual Defendants named above, Officer Louis Rinaldo, Officer Robert Cucchiaro, Officer Maggie Tran, Assistant State's Attorney Steven Trostle, States Attorney Ivan Bates, and the municipal Defendants Baltimore Police Department, Mayor and City Council of Baltimore, jointly and severally, for compensatory and punitive damages, attorneys' fees, costs, interest, and such other and further relief as the Court deems just and proper under Maryland law.

**COUNT XI – CIVIL CONSPIRACY**

117. Plaintiff realleges and incorporates by reference all preceding paragraphs.

118. Defendants to this Count are Officer Louis Rinaldo, Officer Robert Cucchiaro, Officer Maggie Tran, and Officer Noah Carter, Assistant State's Attorney Steven Trostle, States Attorney Ivan Bates, the Baltimore Police Department, and the Mayor and City Council of Baltimore.

119. Each of these Defendants, individually and acting in concert, entered into an agreement or mutual understanding, expressly or tacitly, to achieve unlawful objectives by unlawful means as described herein, including but not limited to Plaintiff's unlawful arrest, fabrication and suppression of evidence, malicious prosecution, wrongful suspension and deprivation of employment and pay, public defamation, and continued deprivation of Plaintiff's rights after acquittal.

120. The conspiratorial goals, acts, and means included: (a) creating false police reports and probable cause affidavits; (b) agreeing among themselves not to disclose exculpatory evidence and to suppress favorable witness statements; (c) coordinating communications and testimony so as to maintain a unified account contrary to the actual facts; (d) manipulating or obstructing fair administrative and grievance procedures following acquittal; (e) continuing and ratifying Plaintiff's public inclusion in "Do Not Call" or similar lists intentionally designed to harm his personal and professional reputation.

121.    Each Defendant knowingly participated in at least one overt act in furtherance of this agreement—including, but not limited to, initiating or maintaining criminal charges, publishing false or misleading statements internally and externally, and refusing to reconsider administrative actions even after Plaintiff's exoneration.

122.    The concerted actions of Defendants directly and proximately resulted in Plaintiff's deprivation of clearly established constitutional and common law rights, including liberty, property, due process, protection from unreasonable seizure, the right to earn a living free from official retaliation, and public standing—rights guaranteed by the United States Constitution, the Maryland Declaration of Rights, and Maryland common law.

123.    As a foreseeable and intended result of these acts carried out in concert, Plaintiff has suffered extensive legal, financial, reputational, and emotional damages, including but not limited to prolonged incarceration, loss of wages and career, irreparable reputational harm, emotional distress, and costs of litigation to redress these wrongs.

**WHEREFORE**, Plaintiff Larry Worsley respectfully requests judgment against all Defendants named in this Count, jointly and severally, for compensatory damages in an amount exceeding $75,000.00, and punitive damages in an amount exceeding $75,000.00, together with attorneys' fees, costs, interest, and such other and further relief as the Court deems just and appropriate under Maryland law.

## COUNT X – NEGLIGENCE, GROSS NEGLIGENCE

124.    Plaintiff realleges and incorporates by reference all preceding paragraphs.

125.    Defendants to this Count are Officer Louis Rinaldo, Officer Robert Cucchiaro, Officer Maggie Tran, Officer Noah Carter, Assistant State's Attorney Steven Trostle, States Attorney Ivan Bates, the Baltimore Police Department, the Mayor and City Council of Baltimore (collectively "Defendants").

126.    Each individual Defendant, as a sworn law enforcement officer, prosecutor, or public official, owed Plaintiff a continuing, non-delegable duty to exercise reasonable care, act honestly, uphold constitutional rights, and refrain from engaging in or permitting unlawful conduct—including false arrest, fabrication or suppression of evidence, malicious prosecution, and deprivation of fair employment protections. Defendants also owed a duty

24

to ensure that Plaintiff was not subject to official retaliation, public defamation, or employment deprivation without fair procedures.

127. Defendants breached these duties by (a) preparing, publishing, and/or ratifying knowingly false statements and charging documents; (b) failing to conduct basic, unbiased investigations or follow up on exculpatory information; (c) fabricating and concealing evidence; (d) seeking and maintaining Plaintiff's incarceration and prosecution without probable cause or regard for the truth; (e) refusing to reinstate Plaintiff's rights or pay after acquittal; and (f) engaging in ongoing actions designed to impair Plaintiff's liberty, reputation, and employment status.

128. Certain Defendants—including but not limited to Rinaldo, Cucchiaro, Tran, Carter, Worley, Trostle, and Bates—knowingly and intentionally formed a confederation, agreed, and acted in concert to accomplish these unlawful acts, to conceal their own misconduct and to further deprive Plaintiff of rights and remedies guaranteed by federal and Maryland law. Each committed overt acts in furtherance of this civil conspiracy, including fabricating reports, giving false sworn statements, ratifying acts known to be baseless, serially publishing defamatory material, and retaliating against Plaintiff through public employment and reputational injury.

129. As a direct and foreseeable result of Defendants' collective and coordinated misconduct, Plaintiff suffered actionable constitutional deprivations—including loss of liberty, due process, and the right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments, as well as Articles 24 and 26 of the Maryland Declaration of Rights. Plaintiff also sustained direct financial losses, lost earnings and benefits, non-economic injury, destruction of professional standing, and severe lasting emotional distress.

**WHEREFORE**, Plaintiff Larry Worsley demands judgment against Defendants Officer Louis Rinaldo, Officer Robert Cucchiaro, Officer Maggie Tran, and Officer Noah Carter, Assistant State's Attorney Steven Trostle, States Attorney Ivan Bates, the Baltimore Police Department, the Mayor and City Council of Baltimore, jointly and severally, for compensatory damages in an amount exceeding $75,000.00 as well as attorneys' fees, costs, interest, and such other relief as the Court deems proper and just.

## COUNT XI—BATTERY

130. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

131. This Count is brought against Officer Louis Rinaldo, who, while acting under color of state law and as the lead arresting officer of the Baltimore Police Department, intentionally and without lawful justification caused harmful and offensive contact with Plaintiff's person on or about March 5, 2023.

132. At the time and place alleged, Officer Rinaldo, together with other assisting officers, seized, handcuffed, and physically restrained Plaintiff Larry Worsley absent probable cause, effectuating an unlawful arrest. The Maryland Pattern Jury Instructions (MPJI-Cv 15:2) define any arrest effected without proper legal basis as a harmful or offensive contact and thus a civil battery.

133. The touching and restraint of Plaintiff, by means of handcuffing, forceful seizure, and manipulation of his person, were neither privileged nor consented to, as the arrest lacked a valid legal foundation and was carried out through fabrication of evidence and purposeful disregard of exculpatory witness statements.

134. As a direct and proximate result of Officer Rinaldo's actions, Plaintiff suffered bodily injury, pain, humiliation, loss of liberty, emotional distress, and associated pecuniary losses, all as described in the factual averments above.

**WHEREFORE**, Plaintiff respectfully demands judgment against Officer Louis Rinaldo for compensatory damages in an amount exceeding $75,000.00, punitive damages as the facts may warrant, attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully Submitted this 11th day of November, 2025.

Latoya Francis-Williams, Esq., ID 29957
Law Office of Latoya A. Francis-Williams, LLC.
P.O Box 451
Randallstown, Maryland 21133
410-356-4691 (office)
443-548-4588 (fax)
Lfwlaw1@gmail.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MARYLAND**

LARRY WORSLEY                                  )
 601 E. Fayette Street                         )
Baltimore, Maryland 21202                      )
                           Plaintiff,          )
            vs.                                )
                                               )
                                               )
Officer Louis Rinaldo                          )    Case No.: 1:25-cv-3696
Baltimore Police Department, Western           )
District                                       )
242 W. 29th Street                             )
Baltimore, Maryland 21211                      )
                                               )

Officer Robert Cucchiaro
Baltimore Police Department, Western
District
242 W. 29th Street
Baltimore, Maryland 21211


Officer Maggie Tran
Baltimore Police Department, Central
District
500 E. Baltimore St.
Baltimore, Maryland 21202


Officer Noah Carter,
Baltimore Police Department, Western
District
242 W. 29th Street
Baltimore, Maryland 21211


Steven Trostle
**Serve**: Office of the State's Attorney for
Baltimore City
120 E. Baltimore Street, 9th Floor
Baltimore, Maryland 21202

27

Ivan Bates, State's Attorney for Baltimore
City,
**Serve**: Office of the State's Attorney for
Baltimore City
120 E. Baltimore Street, 9th Floor
Baltimore, Maryland 21202

Baltimore Police Department
601 E. Fayette Street
Baltimore, Maryland 21202

Mayor and City Council of Baltimore
**Serve**: City Hall
100 N. Holliday Street
Baltimore, Maryland 21202

Defendants.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 11th day of July, 2025.

Latoya Francis-Williams, Esq. ID 29957
Law Office of Latoya A. Francis-Williams, LLC.
P.O Box 451
Randallstown, Maryland 21133
410-356-4691 (office)
443-548-4588 (fax)
Lfwlaw1@gmail.com
*Attorney for Plaintiff*

28